```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION
```

VIANKYNET PICON,

                Plaintiff,

vs.                            Case No.   2:10-cv-616-FtM-29SPC

BANK OF AMERICA, N.A., TRANSUNION
LLC, EXPERIAN INFORMATION SYSTEMS,
INC., EQUIFAX, INC.,

                Defendants.
_____

## OPINION AND ORDER

This matter comes before the Court on Defendant Trans Union LLC's Motion For Partial Dismissal (Doc. #21) filed on December 22, 2010. Plaintiff Viankynet Picon (plaintiff or Picon) has not filed a Response and the time to do so has expired.

**I.**

On or about November 30, 2010, plaintiff filed a Verified Amended Complaint and Demand for Jury Trial (Complaint)(Doc. #11) against Bank of America, N.A. (BofA), Trans Union LLC (Trans Union), Experian Information Solutions, Inc. (Experian), Equifax Inc. (Equifax), and FIA Card Services, N.A. for violation of the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681 *et seq.*

The following facts are summarized from plaintiff's Complaint: At plaintiff's former employer, Unique Arch & Window Decor, Inc. (Unique Arch), plaintiff was an authorized user on the company credit card issued by BofA. (Doc. #11, ¶28.) On or about April 2,

2009, when plaintiff's employment at Unique Arch ended, she went down to a local BofA branch with the president of Unique Arch, Maria Ramil, to have plaintiff removed from the account. (Id. at ¶30.) At the local BofA branch, BofA employees advised plaintiff that she was not liable for the Unique Arch credit card. (Id. at ¶31.) On or about April 20, 2010, plaintiff received a letter from BofA reducing her personal BofA credit card limit citing issues on her credit report. (Id. at ¶33.) When plaintiff pulled her credit report from Equifax, Trans Union and Experian, she discovered that the Unique Arch account was listed on her credit report as 90 days delinquent.

In or about late April and early May 2010, plaintiff mailed BofA a letter demanding proof of her responsibility on the Unique Arch account and disputed the report and provided supporting documentation to Equifax, Trans Union and Experian. (Id. at ¶¶ 37-42.) On or about May 1, 2010, Trans Union notified plaintiff that their investigation was complete and found that plaintiff was responsible for the 90 day-delinquent United Arch account with a balance of $10,2778 based on information received from BofA. On or about May 3, 2010, Equifax also completed its investigation showing that plaintiff was responsible for the debt. (Id. at ¶¶ 43-45.)

The defendants continue to report that plaintiff is responsible for the Unique Arch credit debt. Plaintiff has had her personal credit limit reduced and has been turned down for a credit

card due to the delinquency on her credit report. Fearing the significant negative impact on her credit, plaintiff began making payments on the Unique Arch credit card. (Id. at ¶¶ 49-60.) Plaintiff seeks damages, attorney's fees and costs, as well as declaratory relief in the form of an order "directing that the Defendants delete all of the inaccurate information from the Plaintiff's credit reports and files and cease reporting the inaccurate information to any and all persons and entities to whom they report consumer credit information." (Id. at pp. 14, 15, 16.)

**II.**

In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all well-pleaded factual allegations in a complaint as true and take them in the light most favorable to plaintiff. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Christopher v. Harbury, 536 U.S. 403, 406 (2002). "To survive dismissal, the complaint's allegations must plausibly suggest that the [plaintiff] has a right to relief, raising that possibility above a speculative level; if they do not, the plaintiff's complaint should be dismissed." James River Ins. Co. v. Ground Down Eng'g, Inc., 540 F.3d 1270, 1274 (11th Cir. 2008)(citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)); see also Edwards v. Prime, Inc., 602 F.3d 1276, 1291 (11th Cir. 2010). The former rule--that "[a] complaint should be dismissed only if it appears beyond doubt that the plaintiffs can prove no set of facts which would entitle them to relief," La

Grasta v. First Union Sec., Inc., 358 F.3d 840, 845 (11th Cir. 2004)--has been retired by Twombly. James River Ins. Co., 540 F.3d at 1274. Thus, the Court engages in a two-step approach: "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009).

Dismissal is warranted under Federal Rule of Civil Procedure 12(b)(6) if, assuming the truth of the factual allegations of plaintiff's complaint, there is a dispositive legal issue which precludes relief. Neitzke v. Williams, 490 U.S. 319, 326 (1989); Brown v. Crawford County, Ga., 960 F.2d 1002, 1009-10 (11th Cir. 1992).

### III.

Defendant Trans Union filed a motion for a partial dismissal (Doc. #21) pursuant to Federal Rule of Civil Procedure 12(b)(6) arguing that as a private plaintiff Picon cannot seek equitable, declaratory, or injunctive relief under the FCRA.

"The FCRA is intended 'to prevent consumers from being unjustly damaged because of inaccurate or arbitrary information in a credit report.'" Allmond v. Bank of Am., No. 3:07-cv-186, 2008 WL 2445652, at *2 (M.D. Fla. June 16, 2008)(quoting Equifax, Inc. v. Fed. Trade Comm'n, 678 F.2d 1047, 1048 (11th Cir. 1982)). Thus, the FCRA allows individuals to sue any person who willfully or

negligently fails to comply with its requirements. 15 U.S.C. §§ 1681n(a), 1681o(a). If applicable, individuals may seek actual damages, costs, reasonable attorney's fees and punitive damages. 15 U.S.C. §§ 1681n, 1681o.

In general "[a]bsent the clearest command to the contrary from Congress, federal courts retain their equitable power to issue injunctions in suits over which they have jurisdiction." Califano v. Yamasaki, 442 U.S. 682, 705 (1979). The sections of the FCRA that grant individuals a private right of action contain a list of available remedies, and that "list does not include equitable relief." Hamilton v. DirecTV, Inc., 642 F. Supp. 2d 1304, 1305 (M.D. Ala. 2009); Jones v. Sonic Auto., Inc., 391 F. Supp. 2d 1064, 1065 (M.D. Ala. 2005). Importantly, § 1681s(a) expressly empowers the Federal Trade Commission (FTC) to obtain injunctions for violations of the FCRA. 15 U.S.C. § 1681s(a).

Although the Eleventh Circuit has yet to consider this issue[1], courts in this district have consistently found that by excluding equitable relief from the list of remedies available to private individuals, Congress intended to vest injunctive relief solely with the FTC. See Hamilton 642 F. Supp. 2d at 1306; Lee v. Sec. Check, LLC, No. 3:09cv421, 2009 WL 3790455 at *4 (M.D. Fla. Nov. 9,

---

[1] However, with regards to the Fair Debt Collection Practices Act, which has similar provisions to FCRA, the Eleventh Circuit has held that equitable relief is not available to a private plaintiff. Sibley v. Fulton Dekalb Collection Serv., 677 F.2d 830, 834 (11th Cir. 1982).

2009); Gonzalez v. Macy's/DSNB, No. 06-61571, 2006 WL 5849317 at *1 (S.D. Fla. Dec. 12, 2006).  Additionally, the Fifth Circuit has held that "the affirmative grant of power to the FTC to pursue injunctive relief, coupled with the absence of a similar grant to private litigants when they are expressly granted the right to obtain damages and other relief, persuasively demonstrates that Congress vested the power to obtain injunctive relief solely with the FTC."  Washington v. CSC Credit Servs. Inc., 199 F.3d 263, 268 (5th Cir. 2000).  This Court agrees, and finds that the FCRA does not support a private plaintiff's request for equitable relief.

Accordingly, it is now

**ORDERED**:

Defendant Trans Union LLC's Motion For Partial Dismissal (Doc. #21) is **GRANTED** and the requests for injunctive and declaratory relief are **DISMISSED.**

**DONE AND ORDERED** at Fort Myers, Florida, this ___21st___ day of June, 2011.

_____
JOHN E. STEELE
United States District Judge

Copies:
Counsel of record